VIRGIL STARK, DOING BUSINESS AS STARK ELECTRIC, APPELLANT, v. GRANGE MUTUAL INSURANCE COMPANY OF CUSTER COUNTY, APPELLEE.

277 N. W. 2d 679

Filed April 24, 1979. No. 41999.

Steven O. Stumpff and Luebs, Dowding, Beltzer & Leininger, for appellant.

Carlos E. Schaper, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and CANIGLIA, District Judge.

CANIGLIA, District Judge.
Plaintiff, Virgil Stark, doing business as Stark Electric, brings this action against the defendant, Grange Mutual Insurance Company of Custer County, for breach of contract. Specifically, the action was brought to impose liability on the defendant for a fire loss sustained by the plaintiff, and insured by the defendant under a policy of insurance. The trial court dismissed the petition at the conclusion of the trial, and the plaintiff appealed. We affirm.

The policy of insurance was written for a period of 5 years commencing on December 5, 1973, and ending on December 5, 1978. Annual premiums on the policy were due on the 5th day of December of each year. The plaintiff did not pay the premium due on December 5, 1974, until December 18, 1974. Inasmuch as no loss occurred between December 5, 1974, and December 18, 1974, the date the premium was paid, the defendant reinstated the policy even though the premium had been paid after the due date. On or about November 1, 1975, more than 30 days before the next due date of December 5, 1975, the defendant mailed to the plaintiff a notice of premium due specifying a due date of December 5, 1975. The premium due pursuant to this notice was

not paid on December 5, 1975. On December 13, 1975, a fire loss occurred which destroyed the building and the contents.

The issue presented to the trial court was: Did the acceptance of the late premium payment on December 18, 1974, reinstate the policy for 1 year prospectively as of the date that the premium payment was accepted? The plaintiff contends that it did, and that the acceptance of the premium by the defendant on December 18, 1974, provided the plaintiff with a full year's coverage from December 18, 1974, to December 18, 1975, and, accordingly, the policy was in force on December 13, 1975, the date of the fire. The defendant argues that the premium paid on December 18, 1974, paid the policy for the period commencing December 5, 1974, to December 5, 1975, and therefore, since the premium had not been paid on December 5, 1975, the policy stood suspended and there was no coverage on the plaintiff's building and contents on the date of the fire, December 13, 1975.

The trial court, in finding for the defendant, held that there was no insurance coverage in effect at the time of the fire because the policy was suspended for failure to pay the premium due December 5, 1975, and that the acceptance by the defendant of the premium on December 18, 1974, provided the plaintiff with coverage for 1 year retrospectively from the premium due date, that is, from December 5, 1974, to December 5, 1975. This appeal followed.

In making its findings and entering judgment for the defendant, the court considered a provision in the policy which provides as follows: "This policy shall stand suspended if any default shall be made in the payment of any assessment on or before the date specified in a written or printed notice, or partly written and partly printed, requiring payment of such assessment and mailed to the insured and directed to his last known address not less than thirty days prior to such suspension date. * * * The

company shall in no event be liable for any loss or damage occurring during such period of suspension. This policy may be reinstated and placed in full force according to its terms to cover losses thereafter occurring and insured against under this policy, upon payment to and acceptance by the Company of such delinquent premium or assessment, but acceptance by the Company of such delinquent premium or assessment shall in no event make this Company liable for any loss or damage occurring during such period of suspension, nor shall such acceptance waive any of the rights provided for in this section."

This provision is not ambiguous, nor is its meaning uncertain; its meaning is clear and since it is not illegal or opposed to public policy, it will be enforced as it is made. See Mills v. Aetna Ins. Co., 168 Neb. 612, 96 N. W. 2d 721.

This provision provides that the policy shall stand suspended if any default in the premium payment occurs on a certain date and the company shall not be liable for any loss occurring to the insured during the period of suspension. This provision is valid and enforceable. See Olson v. Agricultural Mut. Ins. Ass'n. of Des Moines, 234 Iowa 715, 13 N. W. 2d 673. Again referring to that part of the provision of the policy relating to delinquent payment of premiums and reinstatement of the policy, the provision provides, "This policy may be reinstated and placed in *full force according to its terms* to cover losses thereafter occurring and insured against under this policy, upon payment to and acceptance by the Company of such delinquent premium * * *." It is clear from these terms that the coverage of the policy extended from the 5th day of December of each year to the 5th day of December of the following year, and that the policy coverage would terminate and expire on December 5, 1978. Any other interpretation of this provision would stretch the policy period beyond

December 5, 1978, and in effect make a new contract for the parties. The plaintiff was aware of this provision when he paid the premium on December 18, 1974. He was under no obligation to reinstate the policy. If he had desired coverage for a full year from December 18, 1974, he could have bought a new policy or made a new contract with the defendant. He chose instead to reinstate the policy according to its terms and thus when he paid the premium on December 18, 1974, he acquired coverage from December 5, 1974, to December 5, 1975, and when he did not pay the premium due on December 5, 1975, the policy stood suspended. Accordingly, he had no coverage on December 13, 1975, the date of the fire, and the decision of the trial court was correct and is affirmed.

AFFIRMED.